UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW DEGROFF,

    Plaintiff,

v.        Case No.:

JOHNSON & JOHNSON VISION CARE, INC. and CAVALIER WORKFORCE, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Andrew DeGroff, by and through undersigned counsel, herby sues Johnson & Johnson Vision Care, Inc. ("Johnson & Johnson Defendant") and Cavalier Workforce, Inc. ("Cavalier Defendant") (collectively "Defendants") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendants' violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Plaintiff worked for Defendants in Duval County, Florida.

6. Johnson & Johnson Defendant is a Florida Profit Corporation with its principal location in Duval County, Florida.

7. Cavalier Defendant is a foreign profit corporation with its principal location in Jersey City, New Jersey.

8. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendants and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendants and/or their actions were ratified by Defendants, thus making Defendants liable for said actions.

9. Plaintiff is considered an "employee" within the meaning of the ADAAA.

10. Defendants are considered an "employer" within the meaning of the ADAAA.

11. Plaintiff is "disabled" as defined by the ADAAA.

12. Defendants knew of Plaintiff's disability during his employment.

13. Plaintiff is a "qualified individual" as defined by the ADAAA during his employment with Defendants.

14. Defendants are joint employers as defined by the laws under which this action is brought.

## PROEDURAL REQUIREMENTS

15. Plaintiff timely dual-filed charges of discrimination against Defendants with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

16. More than 180 days have passed since the filing of the dual-filed charges with the FCHR and EEOC.

17. The EEOC issued a "Dismissal and Notice of Rights" letter on or about March 1, 2022 authorizing an action to be commenced against Johnson & Johnson Defendant within ninety (90) days of receipt of that letter.

18. The Plaintiff subsequently requested the right to sue from the EEOC for Cavalier Defendant.

19. This complaint was timely filed.

## STATEMENT OF FACTS

20. In or around 2008, Plaintiff was diagnosed with diabetes.

21. Plaintiff's disability substantially limits his ability to stay on his feet for prolonged periods of time.

22. Cavalier Defendant assigned Plaintiff to Johnson & Johnson Defendant's facility at 7500 Centurion Parkway North, Jacksonville, FL 32256.

23. Plaintiff began his employment with the Defendants on or about October 12, 2020 as a "ReWork Operator".

24. The "conditions" and "physical demands" of the "ReWork Operator" job consisted of, *inter alia*, "75-80% Standing-Walking".

25. A shift for the "ReWork Operator" job consisted of a twelve (12) hour shift.

26. As a "ReWork Operator", Plaintiff worked in the reprocessing department, where contact lenses were re-packaged into various sized packages in order to fulfil orders.

27. Within the reprocessing department there were different "lines".

28. Plaintiff initially began his employment on line 96.

29. After several weeks of working on line 96, Plaintiff was promoted to working on line 97.

30. Line 97 did not allow for any seated work and required Plaintiff to be on his feet for 12 straight hours.

31. On or about November 18, 2020, Plaintiff informed his supervisor with Johnson & Johnson Defendant, Robert E. Oliver, that he is diabetic and needed to be able to briefly get off his feet every few hours.

32. On or about November 30, 2020, Plaintiff was informed by a human resources representative of Johnson & Johnson Defendant, Steven Lane ("Mr. Lane"), that Plaintiff would be receiving communication from Cavalier Defendant regarding his accommodation request.

33. Subsequently, on or about November 30, 2020, Plaintiff was contacted by Meghna Bhattacharya ("Ms. Bhattacharya"), Senior Vice President, Human Relations & Operations of Cavalier Defendant.

34. Ms. Bhattacharya sent Plaintiff a request for accommodation form and a medical certification form.

35. Plaintiff had the forms filled out by Dr. Quincy Scarborough.

36. The accommodation form and medical certification form stated that Plaintiff is unable to stand for long periods of time and that after being on his feet for more than two (2) hours he needs to be able to sit for a break due to his diabetes. Dr. Scarborough alternatively suggested that Plaintiff be provided with a chair during his job.

37. Plaintiff sent these forms to Ms. Bhattacharya on or about December 23, 2020 and to Mr. Lane on or about December 23, 2020.

38. Ms. Bhattacharya and Mr. Lane subsequently discussed Plaintiff's accommodation request without any input from Plaintiff.

39. Several weeks went by without any contact made to Plaintiff regarding his accommodation request.

40. On or about January 22, 2021, Mr. Lane sent an email to Mr. Oliver's supervisor, Christopher Clark ("Mr. Clark"), asking if the reprocessing department could accommodate Plaintiff's request.

41. Mr. Clark simply responded to Mr. Lane's email by stating, "[w]e will not be able to accommodate this request."

42. Mr. Clark had no interaction with Plaintiff to determine if a reasonable accommodation could be granted.

43. On or about January 23, 2021, Plaintiff was terminated from his job as a "ReWork Operator".

44. Over the next few days Plaintiff was told by Cavalier Defendant that Johnson & Johnson Defendant had other positions available for him, but this was a lie.

45. Plaintiff was never offered any further employment by the Defendants.

46. Plaintiff has satisfied all conditions precedent, or they have been waived.

47. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

## Count I – Discrimination in violation of the ADAAA
*(as to Johnson & Johnson Defendant)*

48. All allegations prior to Count I are reallaged and incorporated herein.

49. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

50. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

51. Defendant terminated Plaintiff because of his disability.

52. Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

53. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Failure to accommodate in violation of the ADAAA
*(as to Johnson & Johnson Defendant)*

54. All allegations prior to Count I are reallaged and incorporated herein.

55. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is

7

capable of performing all essential functions of his employment position with or without a reasonable accommodation.

56. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

57. Plaintiff requested leave as an accommodation due to his own disability.

58. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

59. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count III – Retaliation in violation of the ADAAA
(*as to Johnson & Johnson Defendant*)

60. All allegations prior to Count I are reallaged and incorporated herein.

61. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

62. Defendant retaliated against Plaintiff by terminating his employment.

63. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count IV – Discrimination in violation of the ADAAA

*(as to Cavalier Defendant)*

64. All allegations prior to Count I are reallaged and incorporated herein.

65. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

66. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

67. Defendant terminated Plaintiff because of his disability.

68. Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

69. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count V – Failure to accommodate in violation of the ADAAA
*(as to Cavalier Defendant)*

70. All allegations prior to Count I are reallaged and incorporated herein.

71. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is

capable of performing all essential functions of his employment position with or without a reasonable accommodation.

72. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

73. Plaintiff requested leave as an accommodation due to his own disability.

74. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

75. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VI – Retaliation in violation of the ADAAA
*(as to Cavalier Defendant)*

76. All allegations prior to Count I are reallaged and incorporated herein.

77. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

78. Defendant retaliated against Plaintiff by terminating his employment.

79. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 25th day of May, 2022 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*